CITIZENS MUTUAL INSURANCE COMPANY v COMMUNITY
SERVICES INSURANCE

AUTOMOBILES—INSURANCE—NO-FAULT—PERSONAL PROTECTION BENE-
FITS—EXTENSION—STATUTES.
Personal protection insurance benefits of a Michigan no-fault
automobile insurance policy extend to the estranged wife of a
named insured not domiciled in his household (MCLA
500.3114).

Appeal from Lenawee, Rex B. Martin, J. Submitted November 14, 1975, at Lansing. (Docket No. 23646.) Decided November 24, 1975. Leave to appeal denied, 396 Mich 834.

Complaint by Citizens Mutual Insurance Company against Community Services Insurance for a declaratory judgment on the liability for payments of benefits to a passenger injured in a motor vehicle accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rosenburg, Painter, Stanton, Bullen & Nelson, P. C.,* for plaintiff.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P. C.,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

QUINN, P. J. Plaintiff's action for declaratory judgment resulted in a judgment holding defend-

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 7.5 (supp); and see Am Jur 2d
New Topic Service, No-fault Insurance.

ant primarily liable for payments of benefits to Bonnie Donlin, a passenger injured in a motor vehicle accident. Defendant appeals.

November 13, 1973, Bonnie Donlin was a passenger in a car driven by her brother, Fred Jay, Jr. An accident with an uninsured motorist occurred and Bonnie was injured. Fred Jay, Jr., was insured by plaintiff which paid insurance benefits to Bonnie Donlin prior to beginning this action.

Bonnie Donlin was married in Michigan to James Donlin June 29, 1968, but they soon became residents of Ohio. Bonnie separated from James in January 1973 and she filed an action for divorce in Ohio March 6, 1973. Although Bonnie believed that she was divorced from James, on the date of the accident she was still his wife, and he was insured with defendant.

Defendant has succinctly stated the issue: do personal protection insurance benefits of a Michigan no-fault automobile insurance policy extend to the estranged wife of a named insured not domiciled in his household?

The issue arises from MCLA 500.3114; MSA 24.13114:

"Except as provided in subsections (2) and (3), a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse and any relative of either domiciled in the same household."

Defendant contends that the limiting phrase "domiciled in the same household" applies to "spouse" as well as to "any relative of either". Hence, Bonnie, not being domiciled in the same household as James at the time of the accident, was ineligible for benefits under defendant's policy with James.

We recognize that the structure of the sentence above quoted from the statute permits the argument advanced by defendant to be made, but we find that argument untenable. While it might be preferable to place a comma before "and any relative", the absence of that comma does not necessarily mean that "spouse" and "relative" are both modified by the limiting phrase "domiciled in the same household".

It could as well be argued that since the modifier "of either" following "relative" plainly indicates that "person named in the policy" and "his spouse" are independent items of a series, the modifier "domiciled in the same household" applies to each. This would lead to the ridiculous result that the person named in the policy must be domiciled with the person named in the policy.

What the Legislature meant by the language employed and the structure of the sentence must be determined with some degree of reason. There is reason for limiting insurance benefits to any relative of the insured or his spouse to those relatives domiciled in the insured's household. It creates a definite limit to the exposure of the insurer, an essential factor in determining the insurance premium.

Affirmed but without costs, a public question being involved.