BIERBUSSE v THE FARMERS INSURANCE GROUP OF
COMPANIES

Docket No. 77-2569. Submitted May 2, 1978, at Lansing.—Decided
June 6, 1978.

Patricia Bierbusse and her husband were separated pending
divorce, and living in separate households. The couple's daugh-
ter Michelle Bierbusse lived with the mother. Michelle Bier-
busse was injured when a bicycle upon which she was riding
collided with an automobile which was insured by a company
not licensed to do business in Michigan. Mrs. Bierbusse, as the
next friend for her daughter, commenced an action against The
Farmers Insurance Group of Companies, with whom the father
had an automobile insurance policy. Summary judgment for
defendant, Lapeer Circuit Court, Martin E. Clements, J. on the
basis that, although the policy was in effect, the daughter was
not covered in that she was not domiciled with the named
insured at the time of the accident. Plaintiff appeals. *Held:*

When a couple is separated pending divorce and one spouse is
the named insured on a no-fault policy the other spouse and
the children of the named insured are covered by the no-fault
policy, even though they are domiciled in separate households,
until the divorce is finalized.

Reversed and remanded.

1. Automobiles—Insurance—No-Fault Insurance—Remedial Stat-
   utes—Liberal Construction.

   The no-fault automobile insurance statute is remedial in nature,
   attempting to correct the deficiencies found in the old tort
   system; remedial statutes are to be construed liberally in favor
   of the persons intended to be benefitted by the statute.

2. Automobiles—Insurance—Divorce—Separate Households—No-
   Fault Insurance.

   An estranged spouse and the children of a named insured are

References for Points in Headnotes
[1] New Topic Service, No-Fault Insurance § 1.
[2] New Topic Service, No-Fault Insurance § 18.

covered by a no-fault policy issued to the named insured, even though they are domiciled in separate households, until divorce is finalized where a couple is separated pending divorce and one spouse is the named insured in the no-fault policy.

*Simen & Zimmer, P. C.,* for plaintiff.

*Terence J. O'Neill,* for defendant.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

J. H. GILLIS, P. J. Plaintiff appeals as of right from an order entered in Lapeer County Circuit Court granting defendant's motion for summary judgment.

The facts in this matter are not in dispute.

Plaintiff commenced this action as next friend for her daughter. The daughter was injured when a bicycle upon which she was riding collided with an automobile. It appears that the automobile was insured by a company not licensed to do business in this state. Therefore, according to the parties, the daughter was required to seek compensation from her parents' insurer, the defendant in this case.

Defendant, while acknowledging that the policy was in effect, contends that the daughter was not covered in that she was not domiciled with the named insured at the time of the accident, and, therefore, was excluded from coverage under MCL 500.3114(1); MSA 24.13114(1).

The trial court agreed and granted defendant's motion for summary judgment on this ground.

The sole issue raised on appeal can be set forth in one rather simple sentence. Do the personal protection benefits of a Michigan no-fault policy extend to the daughter of a named insured who is

domiciled in a separate household with the estranged spouse of the named insured?

"Except as provided in subsections (2) and (3), *a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household.* When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." MCL 500.3114(1); MSA 24.13114(1). (Emphasis supplied.)

Our research has produced only one case that interprets the aforementioned section of the no-fault act. In *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), a panel of this Court held that an estranged spouse, not domiciled with the named insured, is still covered by the named insured's no-fault automobile policy. However, the panel went on to conclude that any other relative of the named insured or the spouse must be domiciled with the named insured in order to be covered under the named insured's policy.

An application of this rule to the instant case would deny plaintiff relief, and produce what we perceive to be an inequitable result which would also contradict the policy underpinning the no-fault insurance act.

As noted by the *Citizens Mutual* case, *supra:*

"What the Legislature meant by the language employed and the structure of the sentence must be determined with some degree of reason. There is reason for limiting insurance benefits to any relative of the in-

sured or his spouse to those relatives domiciled in the
insured's household. It creates a definite limit to the
exposure of the insurer, an essential factor in determin-
ing the insurance premium." *Citizens Mutual, supra,* at
733.

While agreeing that the statute should be inter-
preted in a manner that allows an insurer to
reasonably calculate the scope of risk and the
premium incidental thereto, we do not believe that
a per se rule excluding from coverage any relative
not domiciled in the same household as the named
insured is in accord with the legislative intent.

The no-fault automobile statute is remedial in
nature, attempting to correct the deficiencies
found in the old tort system. See, *Shavers v Attor-
ney General,* 65 Mich App 355, 366; 237 NW2d 325
(1975), *lv gtd,* 396 Mich 869 (1976). Remedial stat-
utes are to be construed liberally in favor of the
persons intended to be benefited by the statute.
*Hockenhull v Cutler Hubble, Inc,* 39 Mich App
163; 197 NW2d 344 (1972), *Hite v Evart Products
Co,* 34 Mich App 247, 252; 191 NW2d 136 (1971).

It is also quite clear that when the policy was
issued the defendant calculated its premium on
the basis of the named insured, his wife and their
children. To allow defendant to escape liability by
concluding that the daughter was not within the
zone of risk contemplated by the defendant is
absurd and would create a windfall in favor of
defendant.

Accordingly, we refuse to follow the hard and
fast rule set forth in *Citizens Mutual, supra,* which
would deny plaintiff relief in this case. Instead, we
adopt the following rule that is restricted to the
facts in this matter.

When a couple is separated pending divorce and
one spouse is the named insured on a no-fault

policy, the other spouse and the children of the named insured are covered by the no-fault policy, even though they are domiciled in separate households, until the divorce is finalized.

Reversed and remanded for proceedings consistent with this opinion. We retain no further jurisdiction. No costs, a case of first impression being involved.