## SMITH v AUTO-OWNERS INSURANCE COMPANY

Docket No. 63505. Submitted December 14, 1982, at Detroit.—Decided
February 25, 1983. Leave to appeal denied, 417 Mich 1100.16.

Linda M. Smith, individually and as next friend of Theresa
Smith, her minor daughter, brought an action against Auto-
Owners Insurance Company for recovery of personal injury
protection benefits on behalf of Theresa, who was injured when
struck by an automobile in Texas. Linda Smith was the es-
tranged wife of William Walker, the named insured of Auto-
Owners. Theresa was Linda's daughter by a previous marriage,
and the two had left the marital home prior to the injury. The
Wayne Circuit Court, Lucile A. Watts, J., granted summary
judgment in favor of plaintiff and ordered payment of benefits.
Auto-Owners appeals. *Held:*

The no-fault statute allows the payment of benefits to chil-
dren of a named insured's spouse who were domiciled in the
marital home at the time the parties were living together but
who, at the time of injury, were domiciled in a separate
household with the named insured's spouse pending a divorce.

Affirmed.

DANHOF, C.J., dissented. He would hold that a no-fault in-
surer is not liable for payment of benefits to persons who are
related to the estranged spouse of an insured, but not to the
insured, unless those persons are domiciled in the same house-
hold as the insured. He would reverse.

### OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — JUDICIAL CONSTRUCTION.
   The no-fault automobile insurance statute is remedial in nature
   and is to be construed liberally in favor of those intended to be
   benefited by it.

2. INSURANCE — NO-FAULT INSURANCE — DOMICILE.
   The no-fault automobile insurance statute applies to provide

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 2-4, 340.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 354 *et seq.*

personal injury protection benefits to the children of a named insured's spouse who were domiciled in the marital home at the time the insured and spouse were living together but are domiciled in a separate household with the named insured's spouse, pending a divorce, at the time of the injury.

DISSENT BY DANHOF, C.J.

3. INSURANCE — NO-FAULT INSURANCE — DOMICILE.
    *A no-fault automobile insurance carrier should not be liable for payments of personal injury protection benefits to persons who are related to the estranged spouse of the named insured, but not to the named insured, unless those persons are domiciled in the same household as the named insured at the time they are injured.*

*Stalburg, Bean, Laritz & Fischel, P.C.* (by *Kenneth F. Laritz),* for plaintiff.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.* (by *James A. Callahan),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

PER CURIAM. Defendant appeals as of right from the circuit court's order granting summary judgment in favor of plaintiff.

In May, 1981, plaintiff Linda M. Smith left her marital home in Detroit and went to San Antonio, Texas. Plaintiff's minor children from a previous marriage, who had been domiciled in the Detroit home with plaintiff and her husband, went with plaintiff to Texas. On July 6, 1981, William Walker filed a complaint for divorce in the Wayne County Circuit Court against his estranged wife, plaintiff herein. On July 9, 1981, plaintiff's minor child, Theresa Smith, was injured when she was struck by an automobile in San Antonio, Texas. At the time of the accident, William Walker was the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

owner of a pickup truck which was insured under a policy of no-fault insurance by defendant Auto-Owners Insurance Company.

On January 26, 1982, plaintiff commenced this action individually and as next friend of Theresa Smith, seeking personal injury protection (PIP) benefits under William Walker's insurance policy. Plaintiff filed a motion for summary judgment. For purposes of the motion, the parties stipulated that on July 9, 1981, plaintiff was not domiciled in the same household as William Walker, and that Theresa Smith was not the daughter of William Walker. The trial court granted plaintiff's motion and ordered defendant to pay plaintiff all PIP benefits due, plus interest. Defendant appeals.

Section 3114(1) of the no-fault act, MCL 500.3114(1); MSA 24.13114(1), provides in relevant part:

"Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

The issue is whether this statute applies to the child of a named insured's spouse where the child was domiciled with the named insured and his spouse during the period when the parties were living together, but where, at the time the injury occurred, the child was domiciled in a separate household with his natural parent, *i.e.,* the insured's estranged spouse.

In *Bierbusse v Farmers Ins Group of Companies,* 84 Mich App 34; 269 NW2d 297 (1978), the issue was whether the statute applied to the daughter of the named insured where, at the time of the

accident, the daughter was domiciled in a separate household with the estranged spouse of the named insured. The Court first noted that the no-fault statute is remedial and therefore must be construed liberally in favor of persons intended to be benefited by it. The *Bierbusse* Court held:

"When a couple is separated pending divorce and one spouse is the named insured on a no-fault policy, the other spouse and the children of the named insured are covered by the no-fault policy, even though they are domiciled in separate households, until the divorce is finalized." *Bierbusse, supra,* pp 37-38.

In reaching this conclusion, the Court observed that:

"It is also quite clear that when the policy was issued the defendant calculated its premium on the basis of the named insured, his wife and their children. To allow defendant to escape liability by concluding that the daughter was not within the zone of risk contemplated by the defendant is absurd and would create a windfall in favor of defendant." *Bierbusse, supra,* p 37.

In the opinion of this Court, the rule adopted in *Bierbusse* is equally applicable to the children of the named insured's spouse who were domiciled in the same household with the named insured and his spouse at the time the parties were living together. As in *Bierbusse,* defendant herein calculated its premium on the basis of the named insured and his nuclear family, *i.e.,* the spouse and the spouse's children living with them.

Our conclusion also follows from the language of § 3114(1). That section states that coverage applies to "the person named in the policy, the person's spouse, and *a relative of either* domiciled in the

same household". (Emphasis supplied.) Since the statute was apparently intended to place the named insured and his spouse on equal footing, the rule announced in *Bierbusse* cannot be distinguished merely because the injured party was a child of the spouse only, rather than a child of both the spouse and the named insured.

Contrary to defendant's contention, extension of the *Bierbusse* rule to step-children of the named insured does not abrogate the prerequisite of domicile nor does it impair the insurer's ability to reasonably calculate the scope of its risk. Rather, our holding is limited to the children of the named insured's spouse who were domiciled in the marital home at the time the parties were living together, but were domiciled in a separate household with the named insured's spouse pending a divorce.

Affirmed.

DANHOF, C.J. *(dissenting)*. Plaintiff sought benefits pursuant to MCL 500.3114(1); MSA 24.13114(1), which provides:

"(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

In *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), a panel of this Court held that a spouse need not be domiciled in the household of the named insured at the time of the accident to recover no-fault benefits. In so ruling, the Court stated the following:

"What the Legislature meant by the language employed and the structure of the sentence must be determined with some degree of reason. There is reason for limiting insurance benefits to any relative of the insured or his spouse to those relatives domiciled in the insured's household. It creates a definite limit to the exposure of the insurer, an essential factor in determining the insurance premium." 65 Mich App 733.

In *Bierbusse v Farmers Ins Group of Companies,* 84 Mich App 34; 269 NW2d 297 (1978), another panel of this Court permitted recovery by children of the insured who were domiciled in a separate household with the estranged spouse of the insured:

"When a couple is separated pending divorce and one spouse is the named insured on a no-fault policy, the other spouse and the children of the named insured are covered by the no-fault policy, even though they are domiciled in separate households, until the divorce is finalized." 84 Mich App 37-38.

Recognizing that it was departing from the rule announced in *Citizens Mutual Ins Co, supra,* the *Bierbusse* Court expressly limited its holding to the facts of that case.

Assuming that *Bierbusse, supra,* was correctly decided,[1] I cannot agree that that holding should be extended to permit the recovery of benefits by persons who are neither related to, nor domiciled with, the named insured. To extend benefits to such persons creates possible exposure by the insurer which cannot reasonably be contemplated at

[1] It appears that a split exists among the courts of other jurisdictions which have decided the issue discussed in *Bierbusse, supra.* See Anno: *Who Is "Member" or "Resident" of Same "Family" or "Household," Within No-Fault or Uninsured Motorist Provisions of Motor Vehicle Insurance Policy,* 96 ALR3d 804, § 3, pp 810-815.

the time the policy is issued and the premium determined. Therefore, I am of the opinion that a no-fault carrier is not liable for payment of benefits to persons who are related to the estranged spouse of the insured, but not to the insured, unless those persons are domiciled in the same household as the insured. Since it is conceded that plaintiff's daughter was not domiciled in the household of the insured, I would reverse the trial court's decision.