EVOLA v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 113703. Submitted April 4, 1990, at Detroit. Decided August 6, 1990.

Juliano Evola brought an action seeking to recover survivor's loss benefits under the no-fault act from Auto Club Insurance Association following the death of his wife in an automobile accident. At the time of death plaintiff and his wife had been separated for four months and had not been living together during the separation. The district court granted plaintiff's motion for summary disposition. Defendant appealed and the Macomb Circuit Court, Frederick D. Balkwill, J., affirmed. Defendant appealed.

The Court of Appeals *held:*

1. The trial court's application of the statutory presumption of dependency based only upon the fact that the couple was still married was erroneous. The case is reversed and remanded for a determination of dependency looking to the facts as they existed at the time of death.

2. If on remand the trial court finds that plaintiff was a dependent, then it must determine whether and to what extent plaintiff is entitled to survivor's loss benefits under MCL 500.3108; MSA 24.13108.

Reversed and remanded.

1. AUTOMOBILES — INSURANCE — NO-FAULT — PRESUMPTION OF DE-PENDENCY.

The no-fault insurance act provides that a husband who is living with his wife at the time of her death is conclusively presumed to be a dependent of his wife; where the presumption is not operative, the dependency determination must be made upon the facts as they existed at the time of death (MCL 500.3110; MSA 24.13110).

2. AUTOMOBILES — INSURANCE — NO-FAULT — WORK LOSS BENEFITS.

Work loss benefits may not be awarded under the no-fault insur-

REFERENCES
Am Jur 2d, Automobile Insurance §§ 354, 357 et seq.
See the Index to Annotations under No-Fault Insurance.

ance act for any loss occurring after the injured person dies (MCL 500.3107; MSA 24.13107).

3. Automobiles — Insurance — No-Fault — Benefits of Dependents.

Benefits may be awarded to dependents of a deceased person under the no-fault insurance act for the loss of tangible things of economic value which they would have received from the deceased had he not died and expenses incurred after the deceased's death for services rendered which the deceased would have performed had the death not occurred (MCL 500.3108; MSA 24.13108).

*Charles J. Moceri,* and *Jerald R. Lovell,* of Counsel, for plaintiff.

*Nunneley, Hirt & Rinehart, P.C.* (by *Stanley Hirt*), and *John A. Lydick,* of Counsel, for defendant.

Before: Gribbs, P.J., and Michael J. Kelly and Shepherd, JJ.

Shepherd, J. Defendant appeals by leave granted from the order of the Macomb Circuit Court affirming the district court's order granting plaintiff's motion for summary disposition. Plaintiff brought suit in district court seeking to recover survivor's loss benefits under the no-fault act.

Plaintiff's wife was killed in an automobile accident while vacationing in California. At the time of his wife's death plaintiff and his wife had been separated for approximately four months. The couple had not been living together during the separation.

It is our opinion that the trial court erred in granting plaintiff's motion for summary disposition. A motion made pursuant to MCR 2.116(C)(10) tests the factual support for a claim. *Kral v Patrico's Transit Mixing Co,* 181 Mich App 226, 233; 448 NW2d 790 (1989). The party opposing the

motion has the burden of proving that a genuine issue of material fact exists. *Id.* The trial court, giving the benefit of reasonable doubt to the non-moving party, must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Id.*

The pivotal issue in this case is whether plaintiff is a dependent of his wife within the meaning of the no-fault act. MCL 500.3110(1)(b); MSA 24.13110(1)(b) provides that a husband who is living with his wife at the time of her death is conclusively presumed to be a dependent of his wife. Where a person does not fit within the statutory presumption, the person's dependency and the extent of the dependency is to be resolved by looking to the facts as they existed at the time of death. MCL 500.3110(2); MSA 24.13110(2). It is our opinion that plaintiff, who admittedly was not living with his wife at the time of her death, is not conclusively presumed to be her dependent.

We agree with the trial court that the fact that plaintiff was separated from his wife at the time of her death does not automatically render him ineligible for no-fault benefits. *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), lv den 396 Mich 834 (1976); *Bierbusse v Farmers Ins Group of Cos,* 84 Mich App 34; 269 NW2d 297 (1978). However, we disagree with the finding of the trial court that, based upon his marital status alone, plaintiff can be found to be a dependent of his wife. In its findings the trial court appears to rely solely on the fact that the two were married in making the dependency determination. It appears that the court was applying the presumption of dependency even though plaintiff did not meet the statutory requirements.

Although we find that the trial court's applica-

tion of the statutory presumption was erroneous, we also reject defendant's assertion that because plaintiff is not presumed to be a dependent he must be presumed not to be a dependent. The statute clearly states that when the presumption is not operative the dependency determination must be made upon the facts as they existed at the time of the death. Therefore, we reverse the trial court's order granting summary disposition to plaintiff and remand for a determination of dependency, looking to the facts as they existed at the time of Nancy Evola's death.

Defendant next contends that plaintiff was not entitled to survivor's loss benefits under the no-fault act. Initially we note that the district court's order awarding benefits to plaintiff is unclear as to what section of the no-fault act the benefits were awarded under. To the extent that the benefits were awarded as work loss benefits under MCL 500.3107; MSA 24.13107, the award was erroneous. Work loss benefits may not be awarded for any loss occurring after the injured person dies. However, the trial court may have been awarding benefits under MCL 500.3108; MSA 24.13108. Under that section benefits may be awarded to dependents for the loss of tangible things of economic value which they would have received from the deceased person had the deceased not died and expenses incurred after the deceased's death for services rendered which the deceased would have performed had the death not occurred.

The trial court did not make any specific findings as to what the sum awarded represented. Because we have reversed and remanded this case for a redetermination of the dependency issue, we also reverse the award of benefits and remand to the trial court. If on remand the trial court finds that plaintiff was a dependent, then it must deter-

mine whether and to what extent plaintiff is entitled to survivor's loss benefits under MCL 500.3108; MSA 24.13108.

Reversed and remanded. We do not retain jurisdiction.