632 A.2d 518

**Rosa da CUNHA, Personal Representative of the Estates of Manuel Mendes and Maria Mendes**

v.

**STATE FARM FIRE AND CASUALTY COMPANY.**

**No. 872, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Nov. 4, 1993.

William E. Nelson (Nelson & Nelson, on the brief), Bethesda, for appellant.

Michael J. Budow (Jean L. Betz and Budow & Noble, P.C., on the brief), Bethesda, for appellee.

Argued before WILNER, C.J., and MOYLAN and DAVIS, JJ.

WILNER, Chief Judge.

We shall hold in this expedited appeal that Md.Code art. 48A, § 539 does not require an automobile liability insurer to pay benefits for lost wages for a period following the death of the insured.

Manuel and Maria Mendes purchased an insurance policy from appellee, insuring their 1989 Toyota. The policy provided coverage up to $10,000 for certain medical expenses and wage losses incurred as the result of an automobile accident, without regard to fault. This kind of coverage, up to $2,500, is required in Maryland by § 539; coverage over that amount is optional. The "loss of income" section of the policy provided

"Reimbursement for the loss of gross *income* by an *insured* who was earning or producing *income* at the time of the accident. The loss must be:

  a.  a direct and proximate result of the accident; and

  b.  sustained:

    (1) within three years after the accident; and

    (2) while the *insured* is living."

(Emphasis in the original.)

On March 29, 1991, Mr. and Mrs. Mendes were killed almost instantly in an accident that involved the insured vehicle. Each, at the time, was an income producer.

Following the accident, appellee paid medical, hospital, and funeral expenses of $3,587 for Manuel and $2,997 for Maria. It declined, however, to pay wage loss benefits on the ground that the policy expressly limited such protection to the time when the insureds were living and therefore did not cover any period after their deaths. In the belief that § 539 precluded such a limitation, appellant, as personal representative of the estates of Manuel and Maria Mendes, brought suit in the Circuit Court for Montgomery County, where the issue was presented in the form of cross-motions for summary judgment. After a hearing, the court granted appellee's motion and denied that of appellant. This appeal ensued, in which two questions are presented: (1) whether § 539 permits an

exclusion of coverage for wages accruing after an insured's death; and (2) if it does not, whether appellee has complied with any mandated coverage by paying more than $2,500 for covered medical expenses.

Because we shall answer the first question in the affirmative, as did the circuit court, we need not address the second question.

Section 539(a) requires every insurer proposing to sell automobile insurance in Maryland to provide coverage "for the medical, hospital, and disability benefits set forth in this section." Subsection (c), captioned "Policy limits," defines those mandatory benefits. In pertinent part, as most recently amended in 1989, it states:

> "The minimum medical, hospital and disability benefits shall include up to an amount of $2,500, for payment of all reasonable expenses arising from the accident and incurred within 3 years from the date of the accident for:
>
> .    .    .    .    .
>
> (3)(i) In the case of an income producer, payment of benefits for 85 percent of income lost as the result of the accident."

In *Horace Mann Ins. Co. v. Worthy*, 90 Md.App. 273, 600 A.2d 1151 (1992), we considered the converse issue of whether § 539 *precluded* an insurer from offering wage loss benefits for a period following the insured's death, and we held that it did not. In that case, the policy obligated the insurer to pay "[i]ncome continuation benefits to or on behalf of each injured person who at the time of the accident was an income producer." There was no express condition, as there is here, that the loss be sustained while the insured is living. The insurer argued that such a condition was nonetheless required by § 539; we summarized its argument as follows: "the statute 'terms the benefit available for a "loss of income" as "disability benefits"' and, since only a living individual can be 'disabled,' only a living individual may recover under the policy for 'loss of income.'" 90 Md.App. at 276, 600 A.2d 1151.

In a split decision, the Court held that § 539, by mandating certain *minimum* benefits, "acts as a floor, not a ceiling, for liability insurance policies." It was permissible, in other words, for an insurer to provide greater benefits than required by the statute, and, if it did so, the policy would not be regarded as inconsistent with the statute. The panel majority then construed the policy language as including loss of future earnings of an insured who was killed instantaneously in a motor vehicle accident. *Id.* at 280, 600 A.2d 1151.

Appellant recognizes that the policy language here is different from that in *Worthy,* and that the reasoning applied there will not produce the same result here. Her argument, precisely, is that the permissible exclusions from coverage mandated under § 539 are provided for in § 545 of art. 48A, that a condition that the insured be living at the time of a wage loss is not listed as one of the permissible exclusions, and that the inclusion of such a condition in the policy is therefore in violation of the statute and, for that reason, unlawful and void.

Section 545 permits an insurer to exclude from coverage under § 539(1) any *person,* otherwise insured under the policy, who (i) intentionally causes the accident, (ii) is injured while operating or voluntarily riding in a vehicle known by him to be stolen, (iii) is injured in the commission of a felony or while fleeing or eluding the police, or (iv) is a non-resident pedestrian injured in an accident outside of Maryland, and (2) benefits to a named insured or member of his family residing in his household when occupying an uninsured motor vehicle owned by any such person.

We do not regard § 545 as precluding the limitation or condition at issue here. That statute deals with the exclusion from all coverage under § 539 of certain categories of persons or persons injured under specified circumstances. It does not otherwise purport to define, limit, or add to the coverage provided for in § 539(c). Section 545, in other words, permits an exclusion for persons or events for which coverage would otherwise be required by § 539. The problem here is that the benefits sought are not required by § 539.

We recognized this, at least implicitly, in *Worthy.* In support of its argument that the wage loss provisions of § 539 were in the nature of mandated "disability" benefits, available only to living persons, the insurer cited a number of out-of-State cases "for the proposition that the word 'disability' in a state statute implies that the insured must be alive to collect 'income continuation' benefits." 90 Md.App. at 276, 600 A.2d 1151. We distinguished those cases, however, noting that in each of them "the language of the insurance *policy,* not just the state no-fault statute, specifically limited recovery for 'loss of income' to a 'period of disability.'" (Emphasis in original.) That was not the case in *Worthy.* Judge Garrity, though dissenting from the majority's interpretation of the policy language, made the point, in a way not inconsistent with the majority's view of the statute, that the purpose of the wage loss provisions of § 539 was "to supplant an insured's ability to earn income during his or her period of recuperation from injury" and that "[t]he ability to earn income ceases upon one's death."

We do not read *Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 416 A.2d 734 (1980), as requiring a different conclusion. At the time of *Gartelman,* § 545 did not permit an exclusion for insureds while driving an uninsured vehicle. Such an exclusion did appear in the policy at issue, however, and the Court declared it invalid. At 156, 416 A.2d 734, the Court held:

> "Section 545 expressly provides for only four exclusions from the required PIP coverage. It does not expressly provide an exclusion for an insured occupying an uninsured motor vehicle owned by a named insured. We decline to insert such an exclusion which would be contrary to the remedial legislative purpose of assuring compensation for damages to victims of motor vehicle accidents without regard to fault."

At issue here is not § 545 but rather the scope of § 539(c). It requires, as part of the mandated "disability" benefits, payment of benefits for 85% "of income lost as the result of the accident." That is the "floor" we spoke of in *Worthy.* The *required* benefits are in the nature of disability benefits,

as Judge Garrity noted, to replace the insured's inability to earn income during his period of recuperation. The statute would cover wages that otherwise could have been earned during the insured's life, even if, because of the employer's payroll period, those wages would not have been payable until a date after his death, but it does not include wages for a period following the insured's death.

Statutes such as § 539 are now common throughout the country, and, although the statutory language varies somewhat from State to State, the prevailing rule is that wage continuation benefits, when characterized in the statute as being in the nature of disability benefits, are not required to be paid for periods after the insured's death. *See Flanagan v. Liberty Mut. Ins. Co.*, 383 Mass. 195, 417 N.E.2d 1216 (1981); *Perez v. State Farm Mut. Auto Ins. Co.*, 289 Or. 295, 613 P.2d 32 (1980); *Hamrick v. State Farm Mut. Auto Ins. Co.*, 270 S.C. 176, 241 S.E.2d 548 (1978); *Benton v. State Farm Mut. Auto. Ins. Co.*, 295 So.2d 344 (Fla.Dist.Ct.App.1974); *Evola v. Auto Club Ins. Ass'n*, 184 Mich.App. 779, 458 N.W.2d 676 (1990). *Compare Ricks v. Coffelt*, 369 A.2d 680 (Del.Super.Ct.1977); and *Billman v. Pennsylvania Assigned Claims Plan*, 355 Pa.Super. 524, 513 A.2d 1046 (Pa.Super.Ct.1986). We shall follow the prevailing view.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.