MARTIN v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 64691. Submitted April 6, 1983, at Grand Rapids.—Decided June 2, 1983.

Viola A. Martin was seriously injured in an automobile accident. She was a passenger in an automobile owned by her mother and insured by Nationwide Mutual Insurance Company. At the time of the accident Mrs. Martin was separated from her husband and was living with her mother. Her husband's vehicle was insured by Detroit Automobile Inter-Insurance Exchange (DAIIE). DAIIE paid no-fault benefits and then, in a cross-claim, sought recoupment from Nationwide of one-half of the benefits paid. The Kalamazoo Circuit Court, John E. Fitzgerald, J., held that DAIIE was solely responsible for payment of the benefits. DAIIE appealed, alleging that it was entitled to reimbursement because the two insurers were equal in priority. *Held:*

1. An estranged spouse who is not domiciled in the household of the named insured continues to be covered by the named insured's no-fault insurance policy until the divorce is finalized. The plaintiff was also covered under the Nationwide policy as "a relative of [the named insured] domiciled in the same household".

2. Priority among insurers is established in the order that the three classes of insured persons appear in the policy, *i.e.,* the named insured, the spouse of the named insured, and a relative of either domiciled in the same household. Thus, in this case, DAIIE, as insurer of the plaintiff's spouse, was in a higher order of priority than was Nationwide. DAIIE is liable

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 189, 354.
Who is "member" or "resident" of same "family" or "household," within no-fault or uninsured motorist provisions of motor vehicle insurance policy. 96 ALR3d 804.
Who is "resident" or "member" of same "household" or "family" as named insured, within liability insurance provision defining additional insureds. 93 ALR3d 420.

for payment of benefits without reimbursement from Nationwide.

Affirmed.

1. Insurance — No-Fault Insurance — Estranged Spouse.

A named insured's estranged spouse who is not domiciled in the household of the named insured continues to be covered by the named insured's no-fault automobile insurance policy until the divorce is finalized.

2. Insurance — No-Fault Insurance — Priority Between Insurers.

Personal protection insurance benefits are available to three classes of persons: (1) the named insured, (2) the spouse of the named insured, if any, and (3) a relative of either domiciled in the same household; priority among insurers, where a person who falls into more than one of these classes is covered by a different insurer depending upon which class the person is considered to be in, is in the order in which the classes appear in the policy.

*Early, Starbuck & Lennon* (by *Charles E. Starbuck*), for Detroit Automobile Inter-Insurance Exchange.

*Cholette, Perkins & Buchanan* (by *Jeffrey H. Beusse*), for Nationwide Mutual Insurance Company.

Before: Beasley, P.J., and R. B. Burns and T. C. Megargle,* JJ.

Per Curiam. Plaintiff, Viola A. Martin, who was seriously injured[1] in an automobile accident on June 18, 1978, sought no-fault benefits against defendants, Detroit Automobile Inter-Insurance Exchange (DAIIE) and Nationwide Mutual Insurance Company. Defendant DAIIE filed a cross-claim against defendant Nationwide for recoupment of payments made to plaintiff prior to com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff died on July 11, 1982.

mencement of the lawsuit on April 17, 1979. After a hearing and after the parties stipulated the facts, the trial court filed a written opinion holding that defendant DAIIE was solely responsible for paying plaintiff the benefits provided under the no-fault insurance policy. Defendant DAIIE appeals as of right.

When injured, plaintiff was a passenger in an automobile owned by her mother, Lois Boyd, and insured by defendant Nationwide. Plaintiff neither owned a car nor did she have a policy of automobile insurance. At the time of the accident, plaintiff was separated from her husband, Timothy Martin, and had filed a complaint for divorce. She was living with her mother. Timothy Martin was insured by defendant DAIIE.

In seeking recovery of 50% of the benefits that it paid to plaintiff, defendant DAIIE contends on appeal that it was in a position of equal priority with Nationwide, the insurer of plaintiff's mother's automobile. DAIIE argued that since neither insurer was the primary or secondary carrier in reference to plaintiff's claim, it was entitled to reimbursement from Nationwide.

The parties agree that this case is controlled by MCL 500.3114(1); MSA 24.13114(1), which provides in pertinent part:

"(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

In a trilogy of cases, this Court has held that an

estranged spouse who is not domiciled[2] in the household of the named insured continues to be covered by the named insured's no-fault automobile policy until the divorce is finalized. The first of these cases, *Citizens Mutual Ins Co v Community Services Ins,*[3] involved a declaratory judgment action brought by the insurer of the automobile in which the injured party was a passenger. That insurer contended that Community Services Insurance, which provided a no-fault policy of insurance to the injured party's estranged husband, was the primary carrier. Community Services argued that since the injured spouse was not domiciled in the same household as her husband at the time of the accident, she was ineligible for benefits under his insurance policy. This Court interpreted the words "domiciled in the same household" as used in MCL 500.3114; MSA 24.13114 to modify and relate only to "any relative of either" and not to "his spouse".[4] Thus, this Court held that the injured spouse need not be domiciled in the household of the named insured when the accident occurred to recover no-fault benefits under the named insured's policy.

In *Bierbusse v Farmers Ins Group of Companies,*[5] the issue was whether MCL 500.3114(1); MSA 24.13114(1) was applicable to the daughter of the named insured when, at the time of the automobile accident, the daughter was domiciled in a

[2] For the definition of "domicile" in connection with the no-fault act, see *Workman v DAIIE,* 404 Mich 477, 495-498; 274 NW2d 373 (1979). In the instant matter, the parties, pursuant to a stipulation of facts filed with the trial court, agree that plaintiff was living with her mother at the time of the accident.

[3] 65 Mich App 731; 238 NW2d 182 (1975), *lv den* 396 Mich 834 (1976).

[4] The Legislature amended MCL 500.3114(1); MSA 24.13114(1) in 1975 by placing a comma after "[the person's] spouse". 1975 PA 137, § 1, effective July 3, 1975.

[5] 84 Mich App 34; 269 NW2d 297 (1978).

separate household with the estranged spouse of the named insured. In holding that the daughter was covered by her father's no-fault policy, the *Bierbusse* Court stated:

"When a couple is separated pending divorce and one spouse is the named insured on a no-fault policy, the other spouse and the children of the named insured are covered by the no-fault policy, even though they are domiciled in separate households, until the divorce is finalized."[6]

At issue in *Smith v Auto-Owners Ins Co*,[7] was whether the step-children of the named insured are afforded personal injury protection benefits under his no-fault insurance policy when, on the date of the automobile accident, they were domiciled in a separate home with their natural parent, the named insured's estranged wife. In holding that the coverage applied to the named insured's step-children, we stated:

"Contrary to defendant's contention, extension of the *Bierbusse* rule to step-children of the named insured does not abrogate the prerequisite of domicile nor does it impair the insurer's ability to reasonably calculate the scope of its risk. Rather, our holding is limited to the children of the named insured's spouse who were domiciled in the marital home at the time the parties were living together, but were domiciled in a separate household with the named insured's spouse pending a divorce."[8]

On appeal, defendant DAIIE contends that since plaintiff did not have her own insurance policy,

[6] *Id.*, pp 37-38.
[7] 123 Mich App 585; 332 NW2d 620 (1983).
[8] *Id.*, p 589.

she was eligible to derive coverage from the policies of both her estranged husband and her mother, since she was a resident of the household of her mother at the time of the accident as well as an occupant of her mother's automobile.

Unlike the *Smith, Bierbusse* and *Citizens Mutual* cases, the matter at bar includes an additional aspect: the injured party, on the date of the accident, was domiciled in her mother's home and, in fact, was a passenger in her mother's automobile when the accident occurred. Plaintiff did not own a no-fault insurance policy, but both her estranged spouse and mother held policies.

The statute provides that personal protection coverage is available to three classes of persons, namely, (1) the person named in the policy, (2) the person's spouse, and (3) a relative of either domiciled in the same household. Clearly, plaintiff enjoyed coverage under both her husband's policy and her mother's policy. With respect to the latter, she was residing in her mother's house and, thus, was a relative domiciled in the same household as her mother, the "person named in the policy".

There then remains the question of priority between the carrier for the husband (defendant DAIIE) and the carrier for the mother (defendant Nationwide). In our view, the correct interpretation of the statute establishes priority in the order that they appear in the policy, namely, the named insured, the spouse of the named insured, if any, and a relative of either domiciled in the same household. Thus, as between the carrier insuring plaintiff's spouse and the carrier insuring plaintiff's mother, the carrier insuring plaintiff's spouse was responsible, *i.e.,* defendant DAIIE as insurer of plaintiff's spouse, Timothy Martin, was liable to pay no-fault benefits to plaintiff under the facts of

this case, where plaintiff carried no no-fault insurance of her own.

Defendant DAIIE was in a higher order of priority with respect to providing personal protection insurance benefits to parties within the zone of risk contemplated by the policies. Defendant DAIIE is not entitled to recoupment from Nationwide. The fact that plaintiff was separated from her husband and was suing him for divorce does not alter this result.

Our conclusion rests on more than the bare language of the statute. We perceive that the Legislature intended that a spouse is a more natural and logical source of benefits under the no-fault insurance statute than any other relative of the injured party with whom the injured party is living at the time of the accident. The carrier of another relative of the injured party with whom the injured party is living, other than a spouse, only becomes liable to pay in that classification when the injured party has neither a policy of no-fault insurance of his or her own, nor recourse to a policy of no-fault insurance belonging to his or her spouse.

Affirmed.