GREENSLAIT v CITY OF TAYLOR

Docket No. 71669. Submitted May 14, 1984, at Detroit.—Decided
September 17, 1984. Leave to appeal applied for.

Plaintiff, William Greenslait, was the most recently appointed
lieutenant in the fire department of the City of Taylor, a city
which has a fire and police civil service commission, when he
was demoted by the department for economic reasons. He
brought objections to the civil service commission, which held
that he could not be demoted. The city and its mayor, Cameron
G. Priebe, ignored the civil service commission's order and
demoted plaintiff anyway. Plaintiff brought an action against
the city and the mayor for reinstatement in the Wayne Circuit
Court. The court, Charles S. Farmer, J., ordered reinstatement.
Defendants appealed. *Held:*

Fire fighters subject to the fire and police department civil
service act may not be demoted in rank for reasons of economy.
Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

It is a recognized principle of statutory construction that the
express mention of one thing implies the exclusion of other
similar things.

2. CIVIL SERVICE — FIRE FIGHTERS — DEMOTIONS.

Fire fighters subject to the fire and police department civil service
act may not be demoted in rank for reasons of economy (MCL
38.501 *et seq.,* 38.514; MSA 5.3351 *et seq.,* 5.3364).

*Roek & Borgelt, P.C.* (by *George F. Borgelt),* for
plaintiff.

*Kasoff, Young, Gottesman, Kovinsky, Friedman
& Walkon, P.C.* (by *Allen J. Kovinsky),* for defen-
dants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 209 *et seq.*
[2] 15A Am Jur 2d, Civil Service §§ 52, 61.

Before: M. J. KELLY, P.J., and BRONSON and C. W. SIMON,* JJ.

C. W. SIMON, J. Defendants appeal as of right from a circuit court order of mandamus requiring them to reinstate plaintiff to the position of lieutenant/fire inspector in the fire department of the City of Taylor. Plaintiff, the most recently appointed lieutenant in the fire department, had been demoted when defendants decided for economic reasons to reduce the number of lieutenants in the department. Defendant city has a fire and police civil service commission, established pursuant to 1935 PA 78, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.* The commission forbade plaintiff's demotion, but defendants declined to obey the commission.

This case is controlled by MCL 38.514; MSA 5.3364, which provides in part:

"The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges, by the civil service commission, for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office: Provided, however, *No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause.* * * *

"If for any reason of economy it shall be deemed necessary by any city, village or municipality to reduce

* Circuit judge, sitting on the Court of Appeals by assignment.

the number of paid members of any fire or police department, then said municipality shall follow the following procedure:

"Such removals shall be accomplished by suspending in numerical order commencing with the last man appointed to the fire or police department, all recent appointees to said fire or police department until such reductions shall have been accomplished: Provided further, however, That in event the said fire or police department shall again be increased in numbers to the strength existing prior to such reductions of members the said firemen or policemen suspended last under the terms of this act shall be first reinstated before any new appointments to said fire or police department shall be made." (Emphasis added.)

A recognized principle of statutory construction is that the express mention of one thing implies the exclusion of other similar things *(expressio unius est exclusio alterius).* See, for example, *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971). The statute expressly forbids reduction in rank "except for cause". The statute expressly authorizes removal for reasons of economy and specifies the procedure for such removals. The absence from the statute of any reference to reduction in rank for reasons of economy therefore demonstrates that reasons of economy do not provide "cause" for reduction in rank. The decisions of the civil service commission and the circuit court were therefore correct.

Our decision is supported by OAG 1981-1982, No 5924, pp 226-227 (June 11, 1981) which states in part:

"The intent of the Legislature expressed in 1935 PA 78, § 14, *supra,* last paragraph, is manifest. For reasons of economy, reduction in the number of members of a fire department shall be accomplished by following a statutorily prescribed procedure suspending in numeri-

cal order commencing with the last man appointed to the fire department, all recent appointees to the fire department until the necessary reductions have been accomplished. Although the Legislature was aware of ranks in positions within the fire department, as set forth in 1935 PA 78, § 14, *supra,* first paragraph, where it prohibited reduction in rank or pay except for cause, after written charges, public hearing if requested by the fireperson and appropriate judicial review, if any, as well as promotion in rank and position as provided for in 1935 PA 78, § 7 and 11b, *supra,* the Legislature, in its wisdom, ordered that reduction in the number of members of a fire department be accomplished solely on a seniority basis, last in-first out, regardless of rank.

\* \* \*

"It is my opinion, therefore, that the size of a municipal fire department subject to the provisions of 1935 PA 78, *supra,* may be reduced for economy reasons only by suspending in numerical order the last person appointed to the department and all recent appointees without regard to the rank of the persons within the department. If such statutory provisions prove onerous or unwise, the Legislature may amend the statute as it deems appropriate."

Defendants' arguments concerning the timeliness of plaintiff's mandamus action in circuit court are without merit. Because plaintiff was seeking to enforce the commission's favorable decision rather than to appeal from an adverse decision of the commission, plaintiff was not obliged to commence this action within the time period for taking appeals from adverse decisions of the commission.

Affirmed.