MICHIGAN MUTUAL INSURANCE COMPANY v ALLSTATE
INSURANCE COMPANY

Docket No. 77689. Submitted May 15, 1985, at Detroit.—Decided
October 21, 1985. Leave to appeal granted, 424 Mich 866.

Donna Ritchey was seriously injured when she was struck by an
automobile operated by an uninsured motorist. At the time of
the accident, Ritchey, who did not own an automobile insur-
ance policy in her own name, was married to but separated
from Joseph Ritchey, who was the named insured on a policy
issued by Michigan Mutual Insurance Company, and lived with
her mother, who was the named insured in a similar policy
issued by Allstate Insurance Company. Michigan Mutual volun-
tarily paid some $86,000 in no-fault benefits and sought recoup-
ment of half that amount from Allstate, contending that both
insurers were of the same order of priority under Michigan's
no-fault act. Allstate denied liability, arguing that the Michi-
gan Mutual policy was of higher priority than its own. Michi-
gan Mutual filed suit against Allstate in Wayne Circuit Court
seeking to recover one-half of the amount of benefits it paid on
behalf of Ritchey. Allstate moved for summary judgment alleg-
ing that the Michigan Mutual policy was of higher priority than
its own and also moved for partial accelerated judgment on the
ground that Michigan Mutual's claim for expenses incurred
before November 17, 1982, was barred by the one-year limita-
tion period. The court, William J. Giovan, J., granted both of
Allstate's motions. Michigan Mutual appealed only the order of
summary judgment disallowing recoupment on the ground that
Michigan Mutual's policy was of a higher priority than the one
issued by Allstate. *Held:*

Where an injured person is covered under one personal

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Statutes § 194.
[2] Am Jur 2d, Statutes §§ 194 *et seq.*
[3] Am Jur 2d, Statutes §§ 211, 212.
[4] Am Jur 2d, Automobile Insurance §§ 432-437.
  Validity and construction of "other insurance" provisions. 28
  ALR3d 551.
  Validity and construction of "no-fault" automobile insurance plans.
  42 ALR3d 229.

injury protection policy naming as the insured that person's spouse and under another policy naming as the insured a relative with whom that person is domiciled, both insurers are liable for personal injury protection benefits and recoupment is available under the no-fault act.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Judicial interpretation is neither required nor permitted where the language of a statute is clear and unambiguous.

2. STATUTES — JUDICIAL CONSTRUCTION.

A court in construing a statute is to presume that every word has some force or meaning and is to avoid any construction that would render the statute or any portion of it nugatory.

3. STATUTES — JUDICIAL CONSTRUCTION.

The express mention of any one thing in a statute implies the exclusion of other similar things.

4. INSURANCE — NO-FAULT INSURANCE — MULTIPLE COVERAGE — RECOUPMENT.

An injured person who is covered under one personal injury protection policy naming as the insured that person's spouse and under another policy naming as the insured a relative with whom that person is domiciled is entitled to benefits under both policies, and if one company makes full payment, it is entitled to recoupment of half that amount from the other company (MCL 500.3115[2]; MSA 24.13115[2]).

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Terry L. Christopher*), for plaintiff.

*Garan, Locow, Miller, Lehman, Seward & Cooper, P.C.* (by *James L. Borin*), for defendant.

Before: M. J. KELLY, P.J., and MACKENZIE and N. J. KAUFMAN,* JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right from an order of summary judgment dismissing its

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.

claim for partial recoupment of no-fault benefits paid on behalf of Donna Ritchey. We decline to follow the rule of priority announced in *Martin v DAIIE,* 135 Mich App 588; 354 NW2d 267 (1983), and we reverse.

Donna Ritchey was seriously injured on December 6, 1975, when she was struck by an automobile operated by an uninsured motorist. At the time of the accident, Ritchey did not own an automobile policy in her name. Ritchey was, however, married to but separated from Joseph Ritchey, who was the named insured on a policy issued by plaintiff, Michigan Mutual Insurance Company. Ritchey was also at that time residing with her mother, Lillian Visci, who was the named insured in a similar policy issued by defendant, Allstate Insurance Company. Michigan Mutual voluntarily paid some $86,000 in no-fault benefits ($75,000 medical and $11,000 replacement services expenses).

On November 17, 1983, Michigan Mutual filed this action in circuit court against Allstate alleging that both insurers were of the same order of priority under Michigan's no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* and that Michigan Mutual was thus entitled to recover from Allstate one-half the benefits paid on behalf of Ritchey. Allstate responded with a motion for summary judgment alleging that the Michigan Mutual policy was of higher priority than the one issued by Allstate. Allstate also moved for partial accelerated judgment on the ground that Michigan Mutual's claim for expenses incurred before November 17, 1982, was barred under the one-year limitation period of MCL 500.3145(1); MSA 24.13145(1). The court granted Allstate's motion for partial accelerated judgment and plaintiff does not appeal from that order. Plaintiff appeals only

from the order of summary judgment disallowing recoupment on the ground that plaintiff's policy was of a higher priority than the one issued by Allstate.

In rendering its opinion, the trial court considered *Martin v DAIIE, supra,* which was at that time an unpublished per curiam opinion of this Court. Recognizing that an unpublished decision was of no precedential value, the trial court nevertheless accepted this Court's reasoning in *Martin* and granted Allstate's motion for summary judgment on that basis.

As in *Martin,* there is no dispute in the instant case that the injured party was insured for personal injury protection benefits under policies issued both to a spouse and to a relative with whom the insured was domiciled. The sole issue in this case is priority, since, under MCL 500.3115(2); MSA 24.13115(2), plaintiff is entitled to recoup partial benefits only if the other insurer shares the same order of priority.

Both parties agree that resolution of this case turns upon the interpretation given MCL 500.3114(1); MSA 24.13114(1), which states:

"Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy

and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer."

The question presented is whether § 3114(1) of the no-fault act creates an order of priority between policies covering a spouse and policies covering a relative domiciled with the named insured.

The precise issue was decided by another panel of this Court in *Martin v DAIIE, supra.* There, plaintiff was injured while a passenger of her mother's automobile, which was insured with Nationwide under a policy naming the mother as the insured. At the time of the accident, plaintiff was married to but separated from her husband and living with her mother. Plaintiff's husband was the named insured in a policy issued by Detroit Automobile Inter-Insurance Exchange. Plaintiff filed suit for no-fault benefits against both insurers.

In considering whether the husband's insurer was of higher priority than the mother's insurer, the Court held:

"In our view, the correct interpretation of the statute establishes priority in the order that they appear in the policy, namely, the named insured, the spouse of the named insured, if any, and a relative of either domiciled in the same household. Thus, as between the carrier insuring plaintiff's spouse and the carrier insuring plaintiff's mother, the carrier insuring plaintiff's spouse was responsible, *i.e,* defendant DAIIE as insurer of plaintiff's spouse, Timothy Martin, was liable to pay no-fault benefits to plaintiff under the facts of this case, where plaintiff carried no no-fault insurance of her own.

\* \* \*

"Our conclusion rests on more than the bare language of the statute. We perceive that the Legislature intended that a spouse is a more natural and logical

source of benefits under the no-fault insurance statute than any other relative of the injured party with whom the injured party is living at the time of the accident. The carrier of another relative of the injured party with whom the injured party is living, other than a spouse, only becomes liable to pay in that classification when the injured party has neither a policy of no-fault insurance of his or her own, nor recourse to a policy of no-fault insurance belonging to his or her spouse." 135 Mich App 593.

We do not agree with the reasoning in *Martin* as we are not persuaded that it is consistent with the plain language of the statute or with the intent of the Legislature as far as any can be ascertained.

Section 3114(1) of the no-fault act is comprised of three sentences. The first sentence, (applicable to motor vehicle policies) upon which proponents of the *Martin* position rely, and the second sentence (applicable to motorcycle policies) are nearly identical and are devoid of any language expressly creating an order of priority among multiple insurers of a single injured insured. A fair reading of the plain and unambiguous language of these first two portions of the statute convinces us that the Legislature did nothing more than create rights of personal injury protection insurance for three categories of individuals: persons named in the policy, spouses, and relatives domiciled in the same household. Where the language of a statute is clear and unambiguous, judicial interpretation is neither required nor permitted and this Court should not look beyond the ordinary meaning of that unambiguous language in giving effect to the statute. *Attard v Adamczyk,* 141 Mich App 246, 250; 367 NW2d 75 (1985); *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253; 361 NW2d 785 (1984). We think that the words: "[a] personal protection insurance policy

* * * applies to * * * the person named in the policy, the person's spouse, and a relative of either domiciled in the same household" can only be read as an attempt to delineate the categories of persons entitled to personal injury protection benefits under a Michigan no-fault policy and not as an attempt to establish priority of coverage among multiple insurers.

Only in the third and final sentence of § 3114(1) does the Legislature make express reference to priority coverage where there are multiple insurers. In this regard, its position is clear:

"When personal protection insurance benefits or personal injury benefits described in section 3103(2)[motorcycle policies] are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer."

The panel in *Martin* ignored this priority language in its construction of § 3114(1). We think that the language is important in light of two principles of statutory construction that require our comment. First, in construing a statute a court is to presume that every word has some force or meaning and we are to avoid any construction that would render a statute or any portion of it nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). Second, we are to assume that the express mention of any one thing in a statute implies the exclusion of other similar things. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971); *Greenslait v City of Taylor,* 137 Mich App 536, 538; 358 NW2d 30 (1984). Inasmuch as § 3114(1) expressly provides for priority of insurance coverage only where the same

benefits are payable under the injured person's "own policy" we must assume that any other priority of coverage is not intended. To construe § 3114(1) as requiring priority coverage in the order of named insured, spouse and relative renders the final sentence of § 3114(1) nugatory. We hold that where an injured person is covered under one personal injury protection policy naming as the insured that person's spouse and under another policy naming as the insured a relative with whom that person is domiciled, both insurers are liable for personal injury protection benefits and recoupment is available under MCL 500.3115(2); MSA 24.13115(2).

Since our decision today creates a conflict of authority in this Court, we have certified this case for conflicts resolution pursuant to Administrative Order 1984-2, 418 Mich lxxxii(1984).

Reversed.