MICHIGAN MUTUAL INSURANCE COMPANY v ALLSTATE
INSURANCE COMPANY

Docket No. 77470. Argued May 7, 1986 (Calendar No. 5). Decided
October 28, 1986.

Michigan Mutual Insurance Company brought an action in the
Wayne Circuit Court against Allstate Insurance Company for
recoupment of one-half of no-fault benefits paid on behalf of an
injured pedestrian struck by an uninsured motorist. At the
time of the accident, the injured pedestrian was not named in a
policy of insurance, but was living with her mother, the named
insured on a policy issued by Allstate. The injured person was
married, but separated from her husband, the named insured
on a policy issued by Michigan Mutual. The court, William J.
Giovan, J., granted summary judgment for the defendant,
holding that Michigan Mutual was in a higher order of priority
than Allstate under the no-fault act to pay benefits to the
injured party and thus was not entitled to recoupment from
Allstate. The Court of Appeals, M. J. KELLY, P.J., and MACKEN-
ZIE and KAUFMAN, JJ., reversed (Docket No. 77689). The defen-
dant appeals. The Court of Appeals certified that its decision
conflicted with *Martin v DAIIE,* 135 Mich App 588 (1983).

In a unanimous opinion by Justice LEVIN, the Supreme Court
*held:*

An insurer of the spouse of an injured person and the insurer
of a relative in whose household the injured person, who is not
named in either policy, is domiciled are in the same order of
priority to pay personal protection insurance benefits. An in-
surer that pays benefits under such circumstances is entitled to
partial recoupment from the other.

Affirmed.

146 Mich App 475; 382 NW2d 169 (1985) affirmed.

*Rutledge, Manion, Rabaut, Terry & Thomas,
P.C.* (by *Christopher L. Terry*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *James L. Borin*); (*Gromek, Bendure &
Thomas,* by *Nancy L. Bosh,* of counsel) for the
defendant.

Levin, J. The no-fault automobile liability act[1] provides that an insurer shall pay personal protection insurance (no-fault) benefits to "the person named in the policy, the person's spouse, and a relative of either domiciled .in the same household . . . ." It is further provided that when benefits are payable by the injured person's insurer and would also be payable under the policy of the person's spouse or a relative, the injured person's insurer shall pay all the benefits and "shall not be entitled to recoupment[2] from the other insurer."[3]

The act does not, however, expressly provide

---

[1] MCL 500.3114(1); MSA 24.13114(1).

[2] The act provides that when two or more insurers "are in the same order of priority" an insurer paying benefits is entitled to "partial recoupment from the other insurers in the same order of priority" "to accomplish equitable distribution of the loss among" such insurers:

> When 2 or more insurers are in the same order of priority to. provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers. [MCL 500.3115; MSA 24.13115.]

> [3] (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer. [MCL 500.3114; MSA 24.13114.]

whether, when an injured person is not "named" in a policy of no-fault insurance, but is covered pursuant to the no-fault act under both a spouse's policy and a policy of a relative, both insurers are in the same order of priority.

Allstate Insurance Company contends that the insurer of a spouse is in a higher order of priority than the insurer of a relative because in the phrase, "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household," "spouse" appears before "relative," and because such a construction of the act would eliminate the sometimes difficult factual question whether a person is "domiciled in the same household" of a relative and facilitate thereby the administration of the act.

The Court of Appeals, in *Martin v DAIIE,* 135 Mich App 588; 354 NW2d 267 (1983), where, as here, the injured person did not have a no-fault policy, was separated from her husband and was living with her mother at the time of the accident, held that the insurer of the spouse was in a higher order of priority and was required to pay the full no-fault benefits without recoupment from the insurer of the mother.[4]

In the instant case, the Court of Appeals considered, but rejected, the reasoning of *Martin* and held that there should be recoupment. The Court certified the question for conflicts resolution pursuant to Administrative Order No. 1984-2, 418 Mich lxxxii (1984). We agree with the Court of Appeals in the instant case and affirm.

The no-fault act provides with considerable precision for priorities between insurers. A person

---

[4] The trial judge in this case relied on the opinion of the Court of Appeals in *Martin v DAIIE,* 135 Mich App 588; 354 NW2d 267 (1983).

injured[5] in a motor vehicle "operated in the business of transporting passengers," except as delineated in the act, shall receive benefits from the insurer of that vehicle. A person injured in his employer's motor vehicle shall receive benefits from the insurer of the employer's vehicle.[6] Both such insurers are in a higher order of priority than an insurer of the injured person's vehicle, his spouse's vehicle, or a relative's vehicle.[7] If no such coverage applies, a person suffering injury shall recover no-fault benefits from the "insurer of the owner or registrant of the vehicle occupied" by the injured person or, where not an occupant, the "insurers of owners or registrants of motor vehicles involved in the accident." Last in the "order of priority" stated in the act is the insurer of the

----

[5] (2) A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection shall not apply to a passenger in the following, unless that passenger is not entitled to personal protection insurance benefits under any other policy:

(a) A school bus, as defined by the department of education, providing transportation not prohibited by law.

(b) A bus operated by a common carrier of passengers certified by the public service commission.

(c) A bus operating under a government sponsored transportation program.

(d) A bus operated by or providing service to a nonprofit organization.

(e) A taxicab insured as prescribed in section 3101 or 3102. [MCL 500.3114; MSA 24.13114.]

[6] (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle. [MCL 500.3114; MSA 24.13114.]

[7] See n 3 for text of § 3114(1) of the act.

operator of "the vehicle occupied," or, as the case may be, "involved in the accident."[8]

As previously noted, the Legislature carefully spelled out the order of priority between the insurer of the injured person's vehicle, on the one hand, and an insurer of a spouse's or relative's vehicle, on the other. There is nothing that would indicate that, in providing for coverage by insurers of a spouse's or relative's vehicle, the Legislature intended also to provide an order of priority between them.

The Court of Appeals in *Martin* ignored the provision of the act establishing that the insurer of the person named in the policy is in a higher order of priority than an insurer of a spouse or relative and the implication from that provision that no order of priority was established between an insurer of a spouse or relative. Treating the order in which the insurers are identified for coverage as also establishing an order of priority would render superfluous that provision establishing the insurer of the person named in the policy as primary.

While the issue of domicile may in some cases

---

[8](4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied. [MCL 500.3114; MSA 24.13114.]

(1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) Insurers of owners or registrants of motor vehicles involved in the accident.

(b) Insurers of operators of motor vehicles involved in the accident. [MCL 500.3115; MSA 24.13115.]

be, as Allstate argues, troublesome,[9] in other cases it will be as clear or almost as clear as who is a spouse or relative.

Some might agree with the Court of Appeals in *Martin* that "a spouse is a more natural and logical source of benefits under the no-fault insurance statute than any other relative of the injured party with whom the injured party is living at the time of the accident."[10] The Legislature did not, however, so provide and we find no basis for concluding that it so intended. In this connection, we observe that some might believe that when spouses are separated the goal of prompt compensation of injured persons is better served by subjecting to liability both the spouse's insurer and the insurer of a relative in whose household the spouse is domiciled with a right of recoupment, by a no-fault insurer who paid more than its share, to accomplish equitable distribution of the loss.

In sum, the Legislature carefully spelled out the order of priority of insurers. There is nothing in the structure or purpose of the act that would be defeated by a literal construction of the act. We conclude that we would not be justified in reading the phrase "the person's spouse, and a relative of either domiciled in the same household" as providing that a spouse's insurer is in a higher order of priority than a relative's insurer to eliminate the factual issue of domicile or the cost to insurers of maintaining and defending actions for recoupment where they are unable to agree on their responsibilities in a particular case.

---

[9] See *Workman v DAIIE,* 404 Mich 477, 495; 274 NW2d 373 (1979).

[10] *Martin v DAIIE, supra,* p 594.

We have also considered Allstate's other arguments including that from an underwriting standpoint the insurer of a spouse can more readily estimate its exposure than the insurer of a relative. The record does not support that claim, and in all events it is an argument that would be better addressed to the Legislature.

We hold that an insurer of an injured person's spouse and the insurer of a relative domiciled in the same household are in the same order of priority.

Affirmed.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, BOYLE, RILEY, and ARCHER, JJ., concurred with LEVIN, J.