*In re* STOWE

Docket No. 97591. Submitted June 17, 1987, at Lansing. Decided July 21, 1987.

James B. Stowe and his wife, Sandra, were divorced in 1979 and custody of their three minor children was granted to Sandra Stowe. In 1980, Sandra Stowe married Ralph Martin. In 1984, Ralph Martin filed adoption petitions in Oakland Probate Court seeking to terminate the parental rights of James B. Stowe as to two of the children so that he could adopt them. In 1985, prior to the termination hearing, Sandra Martin, the mother, died. The termination hearing was held in 1986 and the court, Norman R. Barnard, J., terminated James Stowe's parental rights as to the two children, finding that Stowe had not provided financial support or communicated or visited with his children within two years prior to the filing of the adoption petitions. James Stowe appealed.

The Court of Appeals *held:*

1. The probate court did not lose jurisdiction to terminate Stowe's parental rights upon the death of the children's mother. A natural custodial parent is not a necessary party to a stepparent's adoption petition filed pursuant to § 51(6) of the Michigan Adoption Code.

2. There was sufficient prima facie proof of lack of support on the part of Mr. Stowe to support the termination of his parental rights.

3. The court erred in permitting Mr. Martin to testify, over objections, that the family account book indicated that Mr. Stowe had not provided financial support to the children. The

REFERENCES

Am Jur 2d, Adoption §§ 31 *et seq.*

Am Jur 2d, Divorce and Separation §§ 1018 *et seq.*

Am Jur 2d, Parent and Child §§ 7, 78.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

Award of custody of child where contest is between natural parent and stepparent. 10 ALR4th 767.

What constitutes abandonment or desertion of child by its parent or parents within purview of adoption laws. 35 ALR2d 662.

financial record books themselves should have been introduced. The error was harmless, however, because there was other evidence of lack of support introduced to support the termination of parental rights.

4. The probate court did not err in taking judicial notice of the judgment of divorce between Mr. and Mrs. Stowe.

5. Mr. Stowe had no right to cross-examine the children's mother and therefore was not deprived of such a right by her untimely death.

6. The termination of Mr. Stowe's parental rights was based upon clear and convincing evidence.

Affirmed.

1. ADOPTION — STEPPARENT ADOPTIONS — NECESSARY PARTIES.
    A natural, custodial parent is not a necessary party to a stepparent's adoption petition filed pursuant to § 51(6) of the Michigan Adoption Code (MCL 710.51[6]; MSA 27.3178[555.51][6]).

2. ADOPTION — STEPPARENT ADOPTIONS.
    The primary purpose of the statute governing stepparent adoptions is to foster stepparent adoptions in families where the natural parent regularly and substantially fails to support or communicate and visit with the child (MCL 710.51[6]; MSA 27.3178[555.51][6]).

3. EVIDENCE — JUDICIAL NOTICE.
    A court may take judicial notice of facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned (MRE 201[b]).

4. EVIDENCE — CROSS-EXAMINATION.
    There is no right to cross-examine at a hearing an individual who does not testify, who is unavailable, and whose testimony is not essential.

*Cook, Pringle, Simonsen & Goetz, P.C.* (by *Peter L. Conway*), for petitioner.

*Sterling, Schilling & Thorburn* (by *Ronald F. Schilling*), for respondent.

*David M. Clifford,* Guardian Ad Litem for Teresa and Nicole Stowe.

Before: Danhof, C.J., and Doctoroff and T. M. Green,* JJ.

Danhof, C.J. By order dated November 25, 1986, the Oakland Probate Court terminated respondent James Stowe's parental rights in Teresa Nadine Stowe (born November 30, 1970) and Nicole Diane Stowe (born September 30, 1972). The respondent's rights were terminated pursuant to MCL 710.51(6); MSA 27.3178(555.51)(6) in the context of separate petitions by the children's stepfather, Ralph Martin, to adopt them. The petitions alleged that respondent had not provided financial support or communicated or visited with his children within two years prior to the filing of the adoption petitions.

The adoption petitions were filed on May 14, 1984. On June 29, 1985, before the termination hearing was conducted, Sandra Martin, the children's natural mother and the petitioner's wife, died.

The termination hearing was held on October 16, 1986. At the hearing, the petitioner testified that respondent and Mrs. Martin separated in October of 1977 and that he began dating her in 1978. A judgment of divorce was entered on March 22, 1979. On March 18, 1980, petitioner and Mrs. Martin married. From the date of their mother's marriage to petitioner, until the date of the hearing, Nicole and Teresa resided with petitioner.

Nicole testified that she had not seen or communicated with respondent in nine years and was agreeable to the adoption.

Respondent first contends that, upon Sandra Martin's death, the probate court lost jurisdiction to terminate his parental rights. We disagree.

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 710.51(6); MSA 27.3178(555.51)(6) provides in part:

> If the parents of a child are divorced . . . and if the parent having legal custody of the child subsequently marries and *that parent's spouse* petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent . . . . [Emphasis added.]

Thus, the above portion of the statute clearly indicates that the petitioner is to be the stepparent. Nothing in the statute indicates that the custodial natural parent must join in the petition. MCR 5.753 provides that the interested parties in a petition to terminate the rights of the noncustodial parent pursuant to the instant statute are the petitioner, the adoptee, if over fourteen years of age, and the noncustodial parent. The custodial parent is not listed. Under the established rule of construction that the express mention of one thing implies the exclusion of another, *Michigan Mutual Ins Co v Allstate Ins Co,* 146 Mich App 475; 382 NW2d 169 (1985), aff'd 426 Mich 346; 395 NW2d 192 (1986), we conclude that a natural, custodial parent is not a necessary party to a stepparent's adoption petition filed pursuant to MCL 710.51(6); MSA 27.3178(555.51)(6). This interpretation is consistent with other portions of the Adoption Code which are not necessarily related to a specific contest between a stepparent and a natural parent. For example, see MCL 710.43(1)(a)(vi); MSA 27.3178(555.43)(1)(a)(vi), which provides that the consent of a parent having legal custody of the prospective adoptee is not necessary if that parent is married to the petitioner.

Policy reasons require the same result. The primary purpose of the statute is "to foster stepparent adoptions in families where the natural

parent had regularly and substantially failed to support or communicate and visit with the child." *In re Colon,* 144 Mich App 805, 810; 377 NW2d 321 (1985).

Respondent also claims that the proofs were insufficient because petitioner's testimony concerning the lack of support was hearsay and thus improperly admitted. Respondent contends that petitioner's testimony was gleaned solely from what Mrs. Martin had told or showed him.

At one point, petitioner testified that Mrs. Martin wrote the checks for their expenses but that she would always tell or show him what she had done. However, petitioner also testified that he assisted Mrs. Martin in the bookkeeping and that he was aware of all of the family's sources of income. In addition, petitioner testified that he and Mrs. Martin had always filed a joint income tax return. We decline to infer from the above testimony that petitioner's knowledge was based solely on what Mrs. Martin had told or showed him. A negative fact is extremely hard to prove. In our opinion, respondent's lack of support was sufficiently proven by petitioner's testimony that he was aware of no incoming support payments. Given the fact that petitioner and Mrs. Martin had been married for five years, that petitioner testified that he assisted in the bookkeeping, and that the receipt of support income for one's stepchildren is something a stepparent would normally be aware of, we conclude that there was sufficient prima facie proof of the lack of support. Our holding is also based in part upon the fact that petitioner's testimony was uncontroverted. Respondent did not appear or testify at the termination hearing.

Respondent also claims that the trial court violated MRE 1002, the so-called "best evidence rule."

Respondent argues that this rule was violated when the trial court permitted Martin to testify over objections that the family account book indicated that respondent had not provided financial support. Respondent asserts that the financial record books themselves should have been introduced.

While we agree that error occurred, reversal is not required. As indicated above, the record sufficiently indicates that, aside from petitioner's testimony concerning the content of the family account books, sufficient evidence was introduced on the lack of support.

Next, respondent asserts that the probate court erred by taking judicial notice of the judgment of divorce between respondent and Mrs. Martin. Respondent argues that under MRE 1002, the *original* judgment of divorce had to be introduced at the termination hearing.

The content of the judgment of divorce was crucial since the statute requires proof not only that the noncustodial parent has failed to provide support, but also that the noncustodial parent has the ability to provide support. In *In re Colon, supra,* this Court held that a showing that a valid order exists requiring the noncustodial parent to provide support is sufficient proof of this element. Such an order already takes into account the parent's ability to pay. In the instant case, the judgment of divorce was the only proof submitted on the issue of respondent's ability to pay.

While MRE 1002 provides that the original is generally required in order to prove the content of a writing, the rule also states, "except as otherwise provided in these rules or by statute." MRE 201(b) permits a judge to take judicial notice of facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In the case at

bar, the instant petition was filed in Oakland County, the same county in which the judgment of divorce had been entered and was presumably on file. Thus, the fact that respondent had been ordered to pay child support was a fact which could be readily and accurately determined by reference to a source whose accuracy cannot be questioned. Since the court may take judicial notice of such facts, it follows that the petitioner in the instant case was not required to either present the original copy of the judgment or introduce the judgment at the hearing. *Knowlton v Port Huron,* 355 Mich 448, 452; 94 NW2d 824 (1959). The copy of the divorce judgment attached to the initial petitions was sufficient to advise the court that a valid divorce judgment was on file.[1]

Respondent's final argument is that he was deprived of his right to cross-examine Mrs. Martin. Apparently respondent contends such a right exists because Mrs. Martin initially signed the adoption petition, purportedly as a copetitioner. Respondent's appellate counsel proceeds to argue that it could possibly be inferred from the record that the Martins never told respondent where the children were for purposes of visitation. Evidently, respondent is contending that if Mrs. Martin could have testified, such evidence could have been produced.

We have already concluded that Mrs. Martin was not a necessary party to the adoption petition. The decision of the probate court was not based on any evidence presented by Mrs. Martin. Her un-

---

[1] If facts are readily verifiable, litigants are fully protected in the event a court takes notice of a fact which is not true. MRE 201(d) provides a party with the right to be heard even after judicial notice has been taken in the absence of prior notification. In the instant case, there is no claim that the noticed fact is incorrect and respondent has taken no steps, such as a timely request for a hearing, to dispute the noticed fact.

timely death, contrary to what respondent would apparently have this Court hold, does not prevent the action from proceeding. There is no right to cross-examine at a hearing an individual who does not testify, who is unavailable, and whose testimony is not essential. Moreover, respondent himself could have produced the same evidence he now contends could have been gained through the cross-examination of Mrs. Martin, assuming it was true, if he had chosen to attend the hearing.

Having rejected each of respondent's claims of error, we conclude that the termination of respondent's parental rights was based upon clear and convincing evidence.

Affirmed.