# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NICODENE VILTON,

Defendant-Appellant.

UNPUBLISHED
February 3, 2015

No. 318626
Ingham Circuit Court
LC No. 12-000490-FH

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felonious assault, MCL 750.82, and possession of a firearm during the commission or attempt to commit a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to serve four months in jail for his felonious assault conviction, consecutive to two years in prison for the felony-firearm conviction. We affirm.

Testimony at trial established that, following a dispute, five people went in one car to the apartment where defendant was staying with the intent of having a fight with defendant. A fight ensued between the group of five and a group that was with defendant. During the fight defendant retrieved at least one gun. The five people fled to the car and defendant shot at the car multiple times.

Defendant argues on appeal that he was denied a fair trial by the admission of evidence of prior bad acts and that his counsel provided ineffective assistance by failing to ensure that the evidence would not be considered. We disagree.

A trial court's decision concerning the admissibility of evidence is reviewed for an abuse of discretion. *People v McGhee*, 268 Mich App 600, 636; 709 NW2d 595 (2005). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Claims of ineffective assistance of counsel that are unpreserved are limited to review for errors apparent on the record. *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question of whether an attorney's ineffective assistance deprived a

-1-

defendant of his Sixth Amendment[1] right to counsel is reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

Defendant argues that evidence of past incidents between defendant and one of the complaining witnesses, Noldy Pierre, and evidence of previous aggressive confrontations with another complaining witness, Marie Pierre, were admitted contrary to MRE 404(b)(1), to demonstrate his propensity to assault members of the Pierre family. Noldy testified that defendant had used his son to try to have sex with the mother of the son, and that defendant spoke negatively of Marie's alleged sexual intemperance on social media, including assertions that defendant had sex with Marie. Both Marie and Noldy testified about two incidents, one where defendant had spit on Marie at a club, and one where defendant tried to fight Marie at a club. Defendant twice objected to admission of this evidence. The trial court allowed the evidence that related only to describing the relationship between Noldy and defendant, as it was a precursor to the incident at issue.

Use of other acts as evidence of a defendant's character is excluded, except as allowed by MRE 404(b), to avoid the danger of conviction based on a defendant's history of misconduct rather than on evidence of his conduct in the case at issue. *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998). MRE 404(b)(1) provides for the admission of evidence of other acts for several purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The list is not exclusive. *People v Sabin* (*After Remand*), 463 Mich 43, 56; 614 NW2d 888 (2000). Generally, to be admissible under MRE 404(b), other acts evidence: (1) must be offered for a proper purpose, (2) must be relevant, and (3) must not have a probative value substantially outweighed by its potential for unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). A proper purpose is one other than establishing the defendant's character to show his propensity to commit the offense. *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005).

Here, the purpose of the evidence was to describe the relationship between Noldy and defendant. The deterioration of this relationship precipitated the violence that occurred and resulted in the charges against defendant. Noldy and Marie both testified that defendant was a long-term, close friend and a participant in their wedding two years prior. Plaintiff began his

---

[1] US Const, Am VI.

questioning of Noldy in this area by stating that he wanted Noldy to describe what led to the shooting and why he and defendant were not getting along. Likewise, plaintiff began the line of questioning of Marie by asking how the relationship with defendant had changed. The evidence was offered for the proper purpose of describing the contextual antecedents of the violence between defendant and Noldy.

The evidence was also relevant. *Knox*, 469 Mich at 509. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Wayne Co v State Tax Comm*, 261 Mich App 174, 196; 682 NW2d 100 (2004). Under this broad definition, evidence that is useful in shedding light on any material point is admissible. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). To be material, evidence does not need to relate to an element of the charged crime or an applicable defense. *People v Brooks*, 453 Mich 511, 518; 557 NW2d 106 (1996). Rather, the evidence's relationship to the elements of the charge, the theories of admissibility, and the defenses asserted govern. *People v Yost*, 278 Mich App 341, 403; 749 NW2d 753 (2008). Here, the evidence was relevant because the charged conduct was that defendant assaulted Noldy and family members with him. The evidence of the recent deterioration in the relationship was relevant to demonstrate escalating animosity as a motive for violence among the participants.

We note that co-defendant, Vilherme Vilton, defendant's brother, questioned Noldy about this animosity to demonstrate that Noldy's anger was a factor in the fight and that his credibility was in question because of this anger toward defendants. Thus, the evidence was also relevant to the credibility of Noldy's description of the events.

Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *Waknin v Chamberlain*, 467 Mich 329, 334; 653 NW2d 176 (2002). Unfair prejudice exists when there is a tendency that the evidence will be given undue or preemptive weight by the jury, or when it would be inequitable to allow use of the evidence. *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008). Evidence that is unfairly prejudicial goes beyond the merits of the case to inject issues broader than the defendant's guilt or innocence. *McGhee*, 268 Mich App at 614.

Here, defendant argues that the evidence was prejudicial because it demonstrated defendant's propensity to act in an assaultive way towards Marie and Noldy. The previous instances did demonstrate an animosity and provocative actions by defendant toward Marie Pierre. However, the aggressive instances of wanting to fight and spitting were not similar to the act of shooting at Noldy and Marie. Defendant was charged with assault with a dangerous weapon, which was not an aspect of the previous interactions and the previous interactions did not involve a dangerous assault or weapons. And notably, the likely target of the charged assault, Noldy, was not present at the previous negative interactions. The previous incidents may have demonstrated a desire to be aggressive with the Pierres, but did not suggest to the jury that defendant was previously violent with them. Thus, any prejudicial effect of defendant's past provocations did not substantially outweigh the value of the evidence in describing the deterioration of the relationship between defendant and the Pierres as a prelude to the confrontation. Accordingly, the trial court did not abuse its discretion in admitting evidence of

-3-

recent past interactions between defendant and Marie Pierre and the admission of this evidence did not deny defendant a fair trial.

Additionally, any evidentiary error does not merit reversal in a criminal case unless, after review of the case, it appears that it is more probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Here, defendant argues that the testimony of his previous aggressiveness with Marie Pierre must have been the critical basis of his conviction because his co-defendant was acquitted and the prior bad acts evidence did not pertain to him. However, the jury may have believed Noldy's (as opposed to other witnesses') description of events; he claimed that the co-defendant did not fire any shots because his gun was jammed, leaving defendant as the sole shooter. Adeline Pierre, one of the five victims, also testified that she only saw defendant shoot at the front of the car.[2]

Defendant argues that his trial counsel was ineffective in making only ineffectual objections to the admission of this evidence and in failing to request a curative instruction or a mistrial due to admission of the evidence. However, the trial court did not abuse its discretion in admitting the evidence. Counsel was not ineffective for failing to make a futile objection. *In re Archer*, 277 Mich App 71, 84; 744 NW2d 1 (2007). Further, defendant's trial counsel argued before trial against the admission of other acts evidence and objected twice at trial while plaintiff was eliciting the evidence. Defendant's trial counsel could not be ineffective in requesting remedies to counter evidence that the trial court properly ruled as admissible over his objections. Defendant's trial counsel could not have prevented the jury from hearing the evidence once the trial court found it was admissible.

Defendant next argues that his trial counsel provided ineffective assistance in failing to object to the admission of Facebook exchanges between defendant and the Pierres. A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963 art 1, § 20. This right to counsel encompasses the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). To establish a claim of ineffective assistance of counsel a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defendant must also show that the resultant proceedings were fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). The effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *LeBlanc*, 465 Mich at 578.

Here, defendant refers to testimony by various witnesses concerning Facebook postings allegedly made by defendant and/or his family or exchanges made between defendant and his family members and Marie and Noldy Pierre, and argues that his trial counsel should have objected to the testimony. Defendant refers specifically to a response Marie Pierre gave when asked why she went to defendant's apartment; she stated that she was responding to disparaging

---

[2] Marie and two other victims claimed to have seen both defendant and the co-defendant shoot at the car. Moreover a witness from a neighboring apartment testified that she saw only the codefendant shoot at the car, although she heard three other shots.

Facebook posts from defendant, his brother, two sisters, and two other women. Defendant also specifically cites a statement where Noldy Pierre stated that he was responding to defendant threatening to shoot him.

Defendant argues that admission of the statements violated the best evidence rule. An original document is generally required to prove the content of a writing, "except as otherwise provided in these rules or by statute." MRE 1002; *Matter of Stowe*, 162 Mich App 27, 32-33; 412 NW2d 655 (1987).[3] The best evidence rule only requires that the "original" writing be produced. *Baker v General Motors Corp*, 420 Mich 463, 509; 363 NW2d 602 (1984). However, the best evidence rule only applies when the contents of a writing are in issue. *People v Alexander*, 112 Mich App 74, 76; 314 NW2d 801 (1981). Here, defendant does not dispute the contents of the writing as testified to, just the form in which they were presented. Significantly, MRE 1004(4) provides that the original document is not required, "and other evidence of the contents of a writing" are admissible where "[t]he writing, recording, or photograph is not closely related to a controlling issue." The statements made over Facebook were not closely related to the issue of whether defendant shot a gun at the passengers in Noldy's car. The Facebook statements described why Noldy drove to meet with defendant. The evidentiary value of the statements was not in their truth, but in describing what motivated the meeting between the Pierres and the Viltons. Because the contents of the Facebook messages were not in issue and were not an operative fact, the best evidence rule did not apply. *Alexander*, 112 Mich App at 76.

Regardless, defendant could not show prejudice. Counsel's performance prejudices the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant argues that the Facebook statements were prejudicial because it alerted the jury to the presence of provocations and threats, and a willingness to engage in assaultive behavior. However, five witnesses identified defendant as the person who was shooting at their car, causing damage, and a neighbor witness heard three shots that she did not see. Defendant's conviction rested on the credibility determination the jury made regarding the witnesses and not from learning of animosity between the families. Accordingly, this evidence was not outcome determinative.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto

---

[3] To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules, this Manual, or by Act of Congress. MRE 1002.